**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENYA LASALE NICHOLSON,

Defendant - Appellant.

No. 04-6150
(D.C. No. 03-CR-145-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Defendant-Appellant Kenya Nicholson was convicted by a jury of one

count of conspiracy to possess with intent to distribute and to distribute cocaine

base, cocaine, and marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1); eight

counts of knowingly using a telephone in furtherance of the conspiracy in

violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; one count of possession with

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); and one count of attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. With respect to his conspiracy conviction, Mr. Nicholson was sentenced to life imprisonment under the mandatory sentencing provisions of 21 U.S.C. § 841(b). On appeal, Mr. Nicholson argues that the evidence was insufficient to support the jury's verdict on the conspiracy conviction.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The parties are familiar with the facts in this case, and we need not repeat them here. We review de novo whether the government presented sufficient evidence to support a conviction. United States v. Dunmire, 403 F.3d 722, 724 (10th Cir. 2005). In so doing, we view the facts in evidence "in the light most favorable to the government." Id. We will not weigh conflicting evidence or second-guess the fact-finding decisions of the jury. Van Nattan v. United States, 357 F.2d 161, 162 (10th Cir. 1966). Rather, our role is limited to determining

---

[1]Mr. Nicholson also seeks "to preserve his rights under the still-evolving sentencing procedure to be laid down by the United States Supreme Court under the Blakely decision . . . and its progeny." Aplt. Br. at 4. Beyond this statement, Mr. Nicholson fails to identify just what "rights" are at issue and provides no cogent argument. The evolving nature of the law does not relieve Mr. Nicholson of his duty to raise issues with sufficient specificity when seeking appellate review. See United States v. Hardwell, 80 F.3d 1471, 1492 (10th Cir. 1996) (holding that in the absence of reasoned argument or legal authority, an unsupported issue is waived). We will not construct an argument for Mr. Nicholson. Accordingly, whatever the import of the above-quoted statement, the issue is deemed waived.

"whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." United States v. Smith, 133 F.3d 737, 741-42 (10th Cir. 1997).

To support a conviction of conspiracy in this case, the government is required to present sufficient evidence of the following elements: (1) an agreement between the defendant and at least one other person to possess with intent to distribute or to distribute marijuana and more than fifty grams of crack cocaine; (2) the defendant knew of the essential objectives of the conspiracy; (3) knowing and voluntary involvement in the conspiracy; and (4) interdependence among the coconspirators. Dunmire, 403 F.3d at 724. Mr. Nicholson argues that mere knowledge of the illegal activities of others is insufficient to support a guilty verdict and that the witnesses presented at trial do not support the existence of a conspiracy.

Having carefully reviewed the record, we have little difficulty in concluding that sufficient evidence exists to support Mr. Nicholson's conspiracy conviction. Mr. Nicholson's attempts to cast doubt on the jury's verdict through citations to isolated statements in the record are unpersuasive. The record is in fact replete with testimony from various witness that, if credited by the jury, would establish an agreement between the Appellant and coconspirator Kenny

Brown to pool money to purchase and distribute narcotics, VII R. at 126, Mr. Nicholson's knowledge of the objectives of and active participation in the conspiracy, Id. at 126, 429, and the interdependence of the coconspirators in purchasing cocaine together and sharing a house to "cook up" the crack and store proceeds from drug sales. Id. at 154-64, 186. Under these circumstances, it was well within the province of a reasonable jury to reach the verdict at issue here.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge