**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 10, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

            Respondent-Appellee,

v.

KENYA L. NICHOLSON,

            Petitioner-Appellant.

No. 07-6018

(W.D. of Okla.)

(D.C. Nos. CR-03-145-R
and CIV-06-1148-R)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

        Petitioner-Appellant Kenya Nicholson, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) to appeal the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2255. Because Nicholson has failed to make a "substantial showing of the denial of a constitutional right,"

---

        [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

        [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

we deny a COA and affirm the district court's denial of his habeas petition. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## I. Background

In 2004, Nicholson was convicted by a jury of conspiring to possess with intent to distribute (1) 500 grams or more of a substance containing a detectable amount of cocaine powder, (2) 50 grams or more of a substance containing a detectable amount of cocaine base, and (3) less than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1). He was also convicted of knowingly using a telephone in furtherance of the conspiracy in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2, possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and attempting to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. Because the district court found that Nicholson had three prior felony convictions for controlled substance offenses, he received a life sentence pursuant to 21 U.S.C. § 841(b)(1)(A).

On direct appeal, Nicholson argued insufficient evidence existed to support his conviction. This court rejected his argument and affirmed his conviction. *United States v. Nicholson*, 136 F. App'x 145 (10th Cir. 2005). Nicholson then filed his § 2255 petition in the district court, arguing (1) the court, by imposing a life sentence, violated the statutory maximum of 21 U.S.C. § 841(b)(1)(D), which provides penalties for convictions involving less than 50 kilograms of marijuana; (2) the government's evidence at trial did not prove the conspiracy charged; and

(3) he received ineffective assistance of counsel. The district court denied his petition and a COA. In Nicholson's application for a COA before this court, he reasserts his claims and submits a renewed application to proceed *in forma pauperis.*

## II. Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may issue a COA only if a petitioner "make[s] a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack*, 529 U.S. at 483–84 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Nicholson proceeds *pro se*, we review his appeals with special leniency. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Even when viewed through this lens, however, we agree with the district court that dismissal was appropriate.

### A. The Sentence

As the district court correctly noted, Nicholson's first claim that his sentence violated § 841(b)(1)(D) is barred because it was not raised on direct appeal and Nicholson has failed to show cause and prejudice or a miscarriage of justice. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994). Nicholson has made no attempt to

explain why he was unable to raise his claim on appeal; specifically, he has not shown that "some objective factor external to the defense impeded counsel's efforts to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation omitted). Nor has he made a showing of actual innocence sufficient to establish a miscarriage of justice.

However, even if Nicholson's claim was not procedurally barred, it would fail because, under the circumstances of this case, his sentence was correctly calculated. Nicholson was convicted under 21 U.S.C. § 846 of conspiracy to possess with intent to distribute various controlled substances. Section 846 provides the same penalties for conspiracy that apply to convictions for possession and distribution under 21 U.S.C. § 841(b)(1)(A), which provides, "if any person commits a violation of this subparagraph . . . after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release." Nicholson's conviction for 50 grams or more of a substance containing a detectable amount of cocaine base falls under § 841(b)(1)(A) and makes him subject to a mandatory life sentence. Because the government established three prior felony drug offenses in accordance with the procedures outlined in 21 U.S.C. § 851, the sentencing court was required to sentence Nicholson to life imprisonment.

Contrary to Nicholson's assertions, 21 U.S.C. § 841(b)(1)(D) does not apply to him. Section 841(b)(1)(D) provides mandatory sentences for offenses involving less than 50 kilograms of marijuana. The jury in this case, by special interrogatories, found Nicholson specifically accountable for 500 grams or more of a substance containing a detectable amount of cocaine powder, 50 grams or more of a substance containing a detectable amount of cocaine base, and less than 100 kilograms of marijuana. This is not a general verdict for which the court could not determine for which drug quantities the defendant was convicted. *Cf. Newman v. United States*, 817 F.2d 635 (10th Cir. 1987). The court therefore properly calculated Nicholson's sentence under § 841(b)(1)(A).

## B. The Evidence at Trial

Nicholson next claims the government's evidence at trial did not prove one conspiracy but multiple conspiracies, and that this "variance" effectively altered the charges against him.[1] He in essence argues that the evidence against him was insufficient to prove his involvement in the single conspiracy alleged by the

---

[1] Nicholson relies on *Kotteakos v. United States*, 328 U.S. 750 (1946), for the proposition that a conviction for conspiracy should be reversed if the indictment alleges a single conspiracy but the evidence at trial proves multiple conspiracies. In *Kotteakos*, the Court found that the case actually involved eight separate conspiracies with only one of thirty-two defendants common to each. *Id.* at 766. The Court reversed the convictions because the disparity between the size of the alleged conspiracy and the actual conspiracies affected the substantial rights of the defendants. *Id.* at 776. The Court, however, left open the possibility that a more minor variance would not affect a defendant's substantial rights. *Id.* at 764–65.

government. The district court dismissed this claim as barred because Nicholson did not raise the specific claim regarding multiple conspiracies on direct appeal. We agree with the district court that the claim is barred, and Nicholson has failed to show cause and prejudice or a miscarriage of justice.

We note, however, that Nicholson did raise a substantially similar claim on direct appeal, and his conviction was affirmed. On direct appeal, Nicholson argued the evidence against him was insufficient because his mere knowledge of the illegal activities of others did not establish his involvement in the conspiracy. *Nicholson*, 136 F. App'x at 146. We found,

> The record is in fact replete with testimony from various witness [sic] that, if credited by the jury, would establish an agreement between [Nicholson] and coconspirator Kenny Brown to pool money to purchase and distribute narcotics, Mr. Nicholson's knowledge of the objectives of and active participation in the conspiracy, and the interdependence of the coconspirators in purchasing cocaine together and sharing a house to 'cook up' the crack and store proceeds from drug sales.

*Id.* at 147 (internal citations to record on appeal omitted). This evidence establishes Nicholson's central role in the conspiracy.

Even if we accept Nicholson's contention that the evidence in fact proved multiple separate conspiracies rather than a single conspiracy, he has not shown that he was prejudiced by the alleged error or that it resulted in a miscarriage of justice. As we found on direct appeal, the evidence clearly supports Nicholson's central role in a drug conspiracy, including his role as a distributor. Even if the

evidence did establish multiple conspiracies, Nicholson was a likely participant in each of them. Thus, the evidence we found sufficient on appeal to support Nicholson's conviction is also sufficient now to show Nicholson suffered neither prejudice nor a miscarriage of justice from any variance between the conduct charged and the evidence at trial.

## C. Ineffective Assistance of Counsel

Nicholson next asserts that his counsel was ineffective for (1) failing to raise the preceding two issues on direct appeal; (2) failing to raise his Sixth Amendment rights under *United States v. Booker*, 543 U.S. 220 (2005), on direct appeal; and (3) failing to present the testimony of his girlfriend at trial as an alibi witness. In order to prevail on an ineffective assistance of counsel claim, Nicholson must show that his counsel's conduct "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

Nicholson has failed to show that any of the alleged errors fell below an objective standard of reasonable performance or that any deficient performance prejudiced him. First, Nicholson cannot show that his counsel was deficient for failing to raise the untenable claim that his sentence was improperly calculated or that any failure to challenge his sentence on appeal prejudiced the outcome. And as for Nicholson's evidentiary argument, counsel did in fact argue the sufficiency

of the evidence on appeal, an argument this court rejected. *Nicholson*, 136 F. App'x at 147. As we determined above, Nicholson has not shown that his slightly different approach to the sufficiency of the evidence argument presented in this petition would have affected the outcome of the appeal. Nicholson has thus failed to make a substantial showing of denial of a constitutional right on these issues.

Second, Nicholson has not shown his trial counsel was ineffective for failing to raise *Booker* issues on appeal. The Supreme Court in *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. Nicholson's life sentence was based on his three prior felony drug convictions. The district court's determination that Nicholson was eligible for a statutory life sentence based on these prior convictions is thus not subject to *Booker*. *Id.*; *see also United States v. Small*, 423 F.3d 1164, 1188 (10th Cir. 2005) ("[W]hether the present offense and prior offenses constitute felonies that are crimes of violence or controlled substance offenses are questions of *law* unaffected by the Supreme Court's holding in *Booker*.") Even if we assume Nicholson's counsel erred by failing to brief *Booker* issues, Nicholson has not shown that any error affected the outcome of the proceedings because *Booker* does not apply. He has therefore failed to

make a substantial showing of a denial of a constitutional right with regard to *Booker*.

Finally, as for his girlfriend's testimony, even if we assume Nicholson's attorney erred, Nicholson offers no insight as to what his girlfriend's testimony would have been, how it would have discredited the other evidence against him, or how it would have accounted for his apparent participation in each of the drug transactions about which evidence was presented at trial. Instead he simply claims, "the testimony would have 'proved' to the jury that petitioner did not have any participation or involvement with any of the numerous drug transactions," and that, had his girlfriend testified, "the 'jury' would have ignored the testimony of Kenny Brown which inculpated petitioner in the alleged conspiracy." Motion for COA 6–7. This conclusory allegation is insufficient to demonstrate that Nicholson was actually prejudiced by his girlfriend's failure to testify. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (ruling that a *pro se* defendant's conclusory allegations were not sufficient to support an ineffective assistance of counsel claim without supporting averments).

Nicholson has therefore not made a substantial showing of the denial of a constitutional right regarding his girlfriend's testimony.

### III. Conclusion

For the foregoing reasons we DENY Nicholson's request for a COA, DENY leave to proceed *in forma pauperis*, and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge