**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT GEINER,

Defendant-Appellant.

No. 11-8029
(D.C. Nos. 2:05-CR-00063-WFD-1 &
2:08-CV-00038-WFD)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY, HARTZ,** and **HOLMES**, Circuit Judges.

Robert Geiner, a federal prisoner proceeding pro se,[1] seeks a Certificate of

Appealability ("COA") pursuant to 28 U.S.C. § 2253(c)(1)(B) to challenge the

district court's denial of his motion under 28 U.S.C. § 2255. Our jurisdiction

---

[*]     This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Geiner is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

arises under 28 U.S.C. §§ 1291 and 2253(a). For the reasons stated below, we **DENY** Mr. Geiner's request for a COA, and **DISMISS** his appeal.[2]

## I. BACKGROUND

On March 16, 2006, in the U.S. District Court for the District of Wyoming, Mr. Geiner pleaded guilty to one count of attempted interstate transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) & (b)(1) (count one), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2) (count two). The district court sentenced Mr. Geiner to 210 months in prison on each count, to run concurrently, and to a life term of supervised release. Mr. Geiner appealed, challenging certain aspects of his sentence, and we affirmed. *See United States v. Geiner*, 498 F.3d 1104 (10th Cir. 2007).[3]

On February 7, 2008, Mr. Geiner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In his § 2255 motion, Mr. Geiner asserted the following grounds for relief:

> (1) his sentence is unconstitutional because 18 U.S.C. § 2252A requires movement across state lines and there is no supporting evidence that Mr. Geiner shipped images across state lines;
>
> (2) ineffective assistance of counsel at trial because: (a) counsel

---

[2]     On June 22, 2011, the district court granted Mr. Geiner's motion to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(2).

[3]     Mr. Geiner was represented by the same counsel before the district court and on direct appeal.

2

failed to investigate, or argue, that the government did not establish the requisite interstate nexus required to establish subject matter jurisdiction; [and] (b) counsel failed to discuss with Mr. Geiner the elements of the crime with which he was charged or potential defenses; and

(3) ineffective assistance of appellate counsel for failing to raise a claim of insufficient evidence to support his conviction under 18 U.S.C. § 2252A.

*See* R. at 116–17 (Order Den. Mot., filed Mar. 28, 2011) (footnotes omitted) (citing Geiner Mot. to Vacate, filed Feb. 7, 2008).

On March 28, 2011, the district court denied Mr. Geiner's § 2255 motion. On the sufficiency-of-evidence claim, the district court explained that it typically would be barred because it was not raised on direct appeal. However, the district court held that it could nevertheless consider Mr. Geiner's sufficiency-of-evidence claim in the context of his ineffective-assistance-of-counsel claims, because ineffective assistance of counsel may "constitute 'cause' excusing a procedural default." R. at 118–19.

Next, the district court found that Mr. Geiner's ineffective-assistance-of-counsel claims were without merit. First, the district court found that Mr. Geiner's knowing plea waived all of his claims up to the time of the plea that did not pertain to the court's subject matter jurisdiction, and it concluded that Mr. Geiner's claims did not involve the court's subject matter jurisdiction. Second, while the district court acknowledged that, under our holding in *United States v. Schaefer,* 501 F.3d 1197, 1200–01 (10th Cir. 2007)*, superceded by statute as*

3

*implied in United States v. Lewis*, 554 F.3d 208, 215–16 (1st Cir. 2009)—which was issued after Mr. Geiner's conviction was final—"it is not enough to assume that an Internet communication necessarily traveled across state lines in interstate commerce" under 18 U.S.C. § 2252A, the court concluded that *Schaefer* was distinguishable because Mr. Geiner admitted that pornographic images moved across state lines during his plea colloquy.[4]  Finally, the district court found that,

---

[4]    The relevant portion of the colloquy that addresses the jurisdictional element reads as follows:

[THE COURT]: Let me remind you what you're proposing to plead guilty to, sir. I'll read these counts in part.  Count One: On or before February 26, 2005, in the District of Wyoming, the defendant, Robert Geiner, did knowingly attempt to distribute *child pornography that has been mailed, shipped or transported in interstate commerce* by any means, including computer; namely, a digital image file depicting minors engaging in sexually explicit conduct, said filed [sic] entitled "Preteen -Kdv -Rbv -R@Ygold" and a whole series of others. Do you have that in front of you? Are you looking at it?

[THE DEFENDANT]: Yes, sir.

R. at 121 (emphasis added) (quoting Change of Plea Tr. at 11–12).  Later, the colloquy continued:

[THE COURT]: And what about the interstate nexus with regard to this? Again, are we relying on computer downloads of photographs and images?

[DEFENSE COUNSEL]: We are, Your Honor. The images came through use of the Internet and were maintained on a computer hard drive that does satisfy the interstate nexus.

[THE COURT]:  Is that true, sir?

[THE DEFENDANT]: Yes, sir.

(continued...)

4

to the extent that Mr. Geiner argued that his trial and appellate counsel was ineffective for failing to anticipate the holding in *Schaefer*, his argument was without merit because "[t]he Tenth Circuit has rejected ineffective assistance claims predicated on counsel's failure to predict passage of future law." R. at 126–27. Accordingly, the district court denied Mr. Geiner's § 2255 motion, and denied his application for a COA.

Mr. Geiner timely filed his notice of appeal from the district court's denial of his § 2255 motion.

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a § 2255 motion. 28 U.S.C. § 2253(c)(1)(B); *accord Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 172 (2010). To warrant a COA, an applicant must make a "substantial showing of the denial of a constitutional right." *United States v. Tony*, 637 F.3d 1153, 1157 (10th Cir. 2011) (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted); *accord Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). "To make such a showing, an applicant must demonstrate 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to

[4](...continued)
*Id.* at 122 (quoting Change of Plea Tr. at 38–39).

5

deserve encouragement to proceed further.'" *Tony*, 637 F.3d at 1157 (omission in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "In other words, the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'" *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack*, 529 U.S. at 484).

When determining whether to grant a COA, our "threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 336) (internal quotation marks omitted). An applicant "is not required to prove the merits of his case," *id.*; however, "he must demonstrate 'something more than the absence of frivolity or the existence of mere good faith' on his part," *id.* (quoting *Miller-El*, 537 U.S. at 338).

In his COA application, in substance, Mr. Geiner presents two claims: (1) that the court lacked subject matter jurisdiction and he was unconstitutionally imprisoned because the government did not present sufficient evidence that the pornographic images at issue crossed state lines; and (2) that his counsel was constitutionally ineffective in that counsel failed to investigate whether there was sufficient proof of the jurisdictional element of his offenses and to advise him concerning this element.[5]

---

[5]     Mr. Geiner indicated that his appeal raises three issues: (1)

(continued...)

**A. Sufficiency of the Evidence**

Mr. Geiner failed to raise his sufficiency-of-the-evidence claim on direct appeal. As we held in *United States v. Allen*, a "defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." 16 F.3d 377, 378 (10th Cir. 1994). The fact that Mr. Geiner challenges the interstate-commerce element of § 2252A does not change the analysis under *Allen* because when a defendant pleads guilty to the jurisdictional element in a federal crime it "is not jurisdictional in the sense that it affects a court's subject matter jurisdiction." *United States v. Tush*, 287 F.3d 1294, 1297 (10th Cir. 2002) (quoting *United States v. Prentiss*, 256 F.3d 971, 982 (10th Cir. 2001) (en banc)) (internal quotation marks omitted); *see id.* (holding that in the § 2255 context, a defendant relieves the "government of its burden of proving the interstate commerce element . . . by twice explicitly stipulating [to] a sufficient [interstate-commerce] nexus and independently by pleading guilty."). We agree with the district court that Mr. Geiner's sufficiency-of-the-evidence

---

[5](...continued)
ineffective assistance of counsel, (2) unconstitutional imprisonment, and (3) lack of subject matter jurisdiction due to insufficient evidence regarding the interstate-commerce element. *See* COA Appl. at 3. We have reorganized Mr. Geiner's issues—to reflect two claims—solely in the interest of analytical clarity.

claim is procedurally barred on the merits because it was not raised on direct appeal and, for the reasons noted below, there is no cause to relieve him of this bar.[6]

## B. Ineffective Assistance of Counsel

"[I]t is well established that ineffective assistance of counsel claims should generally be brought in collateral proceedings, not on direct criminal appeal." *United States v. Trestyn*, 646 F.3d 732, 740 (10th Cir. 2011); *see also Massaro v. United States*, 538 U.S. 500, 509 (2003) ("We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255."). To establish that his counsel was ineffective, Mr. Geiner must show both: (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Applying *Strickland*, Mr. Geiner's claim fails on both prongs.

---

[6] We agree with the district court that Mr. Geiner's sufficiency-of-the-evidence claim can be considered in the context of his ineffective-assistance-of-counsel claim. *See* discussion *infra* Part II.B.1–2. Ineffective assistance may constitute cause to lift a procedural bar. *See, e.g.*, *United States v. Challoner*, 583 F.3d 745, 749 (10th Cir. 2009); *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995). But, as noted below, we cannot conclude that Mr. Geiner's counsel was constitutionally ineffective.

**1. Performance**

 Mr. Geiner cannot show that his counsel's representation fell below an objective standard of reasonableness. *Id.* Mr. Geiner's principal argument is that his counsel should have "investigate[d] and advise[d]," COA Appl. at 3, Mr. Geiner on the jurisdictional element of § 2252A, because—viewed through the lens of *Schaefer*—the government possessed insufficient proof to establish that element. However, Mr. Geiner—who does not dispute that he "used the computer and Internet," COA Appl. at 4—pleaded guilty to his two-count indictment pre-*Schaefer*, and the state of the law as to whether use of the Internet was sufficient to establish the jurisdictional-nexus requirement of § 2252A was muddled at best.[7] As we have held previously, "clairvoyance is not a required attribute of effective representation." *United States v. Gonzalez-Lerma*, 71 F.3d 1537, 1542 (10th Cir. 1995), *overruled on other grounds by U.S. v. Flowers*, 441 F.3d 900,

---

[7] In *Schaefer*, we did hold that "the plain terms of § 2252(a) convey that Congress intended to punish only those who moved images or 'materials' across state lines (*i.e.*, in interstate commerce)." *Schaefer*, 501 F.3d at 1202 (citing 18 U.S.C. § 2252(a)(2)). However, *Schaefer* also highlighted that the case law prior to 2007 was unclear regarding the nature of the proof that was legally necessary to establish such movement—*viz.*, regarding the kind of proof that was necessary to satisfy the jurisdictional element of §§ 2252A and 2252(a). Indeed, *Schaefer* expressly "recognize[d] that, at least upon cursory inspection, th[e] limited universe of circuit authority appears to uniformly reflect the view that Internet use is *sufficient proof*." 501 F.3d at 1203–04 (emphasis added). Accordingly, we would be hard-pressed to conclude that counsel's performance was objectively unreasonable simply because counsel failed to anticipate our holding in *Schaefer*.

9

903 n.1 (10th Cir. 2006). Accordingly, we conclude that counsel's failure to conduct an investigation and to offer advice to Mr. Geiner—with the *subsequent* jurisdictional holding of *Schaefer* in mind—did not amount to constitutionally ineffective performance.

## 2. Prejudice

Second, even if Mr. Geiner could establish that his counsel's performance was objectively unreasonable, his ineffective-assistance claim would still fail because he has not established prejudice. *Strickland*, 466 U.S. at 687–88. Mr. Geiner has failed to assert a "reasonable probability that, but for counsel's [actions or omission on the jurisdictional element of § 2252A], he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord United States v. Weeks*, --- F.3d ----, Nos. 09-4171 & 09-4183, 2011 WL 3452053, at *11 & n.11 (10th Cir. Aug. 9, 2011). Furthermore, even if defense counsel had raised the jurisdictional issue with Mr. Geiner, or with the district court, we can do no more than speculate as to what the result would have been, especially in light of the fact that we had not yet decided *Schaefer*.

## III. CONCLUSION

In sum, Mr. Geiner has not "show[n] that the district court's resolution of [his] constitutional claim[s] was either 'debatable or wrong.'" *Taylor*, 454 F.3d at 1078 (quoting *Slack*, 529 U.S. at 484). Accordingly, we **DENY** Mr. Geiner's

10

request for a COA, and **DISMISS** his appeal.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge