FILED
United States Court of Appeals
Tenth Circuit

August 9, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DWAYNE WILSON,

    Defendant-Appellant.

No. 12-1033

(D.C. No. 1:03-CR-36-RPM-10)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON** and **BALDOCK,** Circuit Judges, and **BRORBY**, Senior Circuit Judge.[**]

---

The Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111–220, 124 Stat. 2372, reduced the disparity in sentencing between crack cocaine and powder cocaine offenses, and increased the threshold quantity of crack cocaine required to prompt a mandatory minimum sentence. Prior to the FSA's enactment, a jury, in 2005, convicted Defendant of multiple crack cocaine offenses. We affirmed Defendant's sentence on direct appeal. United States v. Wilson, 183 F. App'x 814 (10th Cir.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

2006) (unpublished). Defendant subsequently filed a motion for modification of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(B), in which he requested a reduction of his sentence based on the new standards set forth in the FSA. The district court denied the motion, concluding Congress did not make the FSA retroactive. Defendant appeals pursuant to 28 U.S.C. § 1291, requesting leave to proceed on appeal in forma pauperis (IFP). We review the district court's determination that Defendant is ineligible for a sentence reduction de novo.[1] Applying this standard, we grant Defendant's request to proceed IFP, turn to the merits, and conclude the district court properly denied Defendant's motion for modification of imprisonment. Accordingly, we affirm.

I.

The Government indicted Defendant on eighteen counts related to the distribution of crack cocaine, powder cocaine, and marijuana. Additionally, the Government filed an Information prior to trial pursuant to 21 U.S.C. § 851 to establish Defendant's prior drug conviction in support of enhanced penalties for the charged conduct. Subsequently, a jury convicted Defendant on thirteen of the

---

[1] We acknowledge that we generally review a district court's decision not to grant a sentence reduction pursuant to § 3582(c)(2) for abuse of discretion. But in this case, the district court did not exercise its discretion in denying a modification of sentence using discretionary sentencing factors. Instead, the district court concluded Defendant was ineligible for a modification. See United States v. Rhodes, 549 F.3d 833, 837 (10th Cir. 2008) (concluding that we review de novo the district court's scope of authority in a resentencing proceeding).

eighteen counts, resulting in a Guideline range of 262 to 327 months. Three of the counts, including one count for conspiracy, one count for manufacture and possession with intent to distribute crack cocaine, and one count for manufacture, distribution, and possession with intent to distribute crack cocaine, carried a 240 month mandatory minimum because they involved 50 grams or more of crack cocaine and Defendant had a prior felony drug conviction. 21 U.S.C. § 841(b)(1)(A)(iii).[2] The district court sentenced Defendant to the statutory minimum of 240 months on each of the three counts under 21 U.S.C. § 841(a), to run concurrently. He also received a 240-month sentence on an additional count, to run concurrently. Finally, Defendant received lesser concurrent sentences on the other nine charges.[3]

After we affirmed his conviction and sentence, on March 24, 2008, Defendant filed a "Motion to be Resentenced." Defendant based his motion on modifications made in the November 2007 United States Sentencing Guidelines. The district court

---

[2] The 2010 amended statute changed the amount needed to trigger the mandatory minimum from 50 grams to 280 grams. 21 U.S.C. § 841(b)(1)(A)(iii).

[3] On August 25, 2008, Defendant filed a letter stating he had mailed a habeas corpus petition pursuant to 28 U.S.C. § 2255 in March of 2008, but had not heard from the court. No docket entry exists prior to August 25, 2008 involving a habeas petition as to Defendant. The district court docketed the August 25, 2008 filing as a "Motion to Vacate under 28 U.S.C. 2255." The district court opened a civil action on that same day, 1:08-CV-1818. Over two years later, on October 13, 2010, Defendant filed a document entitled "Exparte Motion to Redocket Misplaced or Loss 2255 Motion from District Court File." The district court labeled this document a "Motion to Reconsider." The district court has not yet ruled on these motions in that separate action.

3

denied that motion, reasoning that the new amendments to the Guidelines had no effect on Defendant's sentence because of the operation of the statutory mandatory minimum imposed. Defendant then filed a motion for new hearing asserting the district court did not have jurisdiction to sentence him and the Government did not prove the offenses for which he was sentenced. The district court denied the motion as frivolous.

On January 5, 2012, Defendant filed the present motion in which he requested a sentence reduction to the new mandatory minimum sentence specified in the FSA. Defendant requested relief pursuant to 18 U.S.C. § 3582(c)(1)(B), contending the district court should modify his sentence because the FSA expressly permits the modification. The district court denied the motion, stating "Congress did not provide for retroactive application of the new mandatory minimum and this Court does not have the authority to make the change retroactive." Defendant then appealed the order to this Court.

II.

Generally, a federal court may not modify a term of imprisonment once imposed. Dillon v. United States, 130 S. Ct. 2683, 2687 (2010). Congress, however, has provided for an exception to that rule in limited instances: "(1) . . . upon motion of the Director of the Bureau of Prisons; (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and (3) . . . where the applicable sentencing range has subsequently been lowered by the

4

Sentencing Commission." United States v. Lonjose, 663 F.3d 1292, 1299 (10th Cir. 2011) (internal quotation marks and footnote omitted). Defendant asserts the FSA expressly permits modification of his sentence. We disagree. We have repeatedly held that "the FSA does not apply retroactively to individuals who were sentenced before it went into effect."[4] United States v. Osborn, 679 F.3d 1193, 1194 n.1 (10th Cir. 2012). Despite our prior holdings, Wilson contends the statute is ambiguous as to retroactivity and that we must apply the rule of lenity. But Wilson's reliance on the rule of lenity is misplaced. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." United States v. Santos, 553 U.S. 507, 514 (2008). "The rule, however, is reserved for cases where, after seizing everything from which aid can be derived, the Court is left with an ambiguous statute." DePierre v. United States, 131 S. Ct. 2225, 1137 (2011)

---

[4] Defendant also asserts Justice Sotomayor's concurrence in Freeman v. United States, 131 S. Ct. 2685, 2695 (2011), implies his sentence was "based on" a specified sentencing range within the meaning of 3582(c). In Freeman, the defendant entered into a plea agreement. Justice Sotomayor stated that she believed "if a (C) agreement expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment, and that range is subsequently lowered by the United States Sentencing Commission, the term of imprisonment is 'based on' the range employed and the defendant is eligible for a sentence reduction under § 3582(c)(2)." Id. Defendant did not enter into a plea agreement, but instead went to trial. Moreover, the district court expressly acknowledged that "the 240 months on these three counts drives the sentence" and that the case involved "a mandatory minimum sentence that [is] more than adequate to punish the offense and to punish Mr. Wilson. . . . But . . . I can't go below that . . . statute." Record on Appeal, Supplemental Vol. I, Doc. 1116. The record makes clear that Defendant's sentence was based on a statutory mandatory minimum rather than the Guidelines.

5

(internal quotation marks omitted). Congressional intent is clear. No provision for retroactivity exists in the FSA.[5] Osborn, 679 F.3d at 1194 n.1 Accordingly, the district court correctly concluded Defendant's request for sentence modification pursuant to § 3582(c)(1)(B) must fail.[6]

III.

In his "Supplemental Brief in Support of Appeal," Defendant invokes 18 U.S.C. § 3582(c)(2). That section authorizes a district court to modify a sentence

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant did not raise this argument in the district court, nor did he discuss it in his brief other than to ask for relief pursuant to this statutory provision. "Where a new legal theory is raised for the first time on appeal, frequently we have deemed the theory to be waived." United States v. Lamirand,

---

[5] The Supreme Court recently held Congress intended the FSA's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced *after* that date. Dorsey v. United States, 132 S. Ct. 2321, 2331 (2012). Because the district court sentenced Defendant prior to August 3, 2010, Dorsey does not apply in this case.

[6] In his brief, Defendant requested we remand to the district court to determine drug quantity and for resentencing. Defendant cannot properly raise this argument in a § 3582(c) motion. See United States v. Torres-Aquino, 334 F.3d 939, 941 (10th Cir. 2003) ("An argument that a sentence was incorrectly imposed should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.").

6

669 F.3d 1091, 1100 n.7 (10th Cir. 2012). We, however, "have recognized that where the new theory was not 'intentionally relinquished or abandoned in the district court,' but rather 'the theory simply wasn't raised before the district court, we usually hold it forfeited' and review it 'under what substantively amounts to . . . the plain error standard.'" Id. (citing Richison v. Ernest Grp., Inc., 634 F.3d 1123, 1127–28 (2011)). In this case, we give Defendant the benefit of the doubt and will construe his argument as forfeited rather than waived. But "the failure to argue for plain error and its application on appeal . . . surely marks the end of the road for an argument for reversal not first presented to the district court." Id. (citing Richison, 634 F.3d at 1131). Defendant has not asked us to review, nor has he argued in support of, his § 3582(c)(2) request for relief. Accordingly, we decline to do so.[7]

For the above stated reasons, Defendant's motion to proceed IFP on appeal is granted

---

[7] Even if we considered Defendant's § 3582(c)(2) argument, we would still affirm the district court. The United States Sentencing Commission promulgated Amendment 750 to effectuate the FSA. Osborn, 679 F.3d at 1194. "The amendment altered the drug-quantity tables in the Guidelines, increasing the required quantity to be subject to each base offense level in a manner proportionate to the statutory change to the mandatory minimums effectuated by the FSA." Id. Amendment 759 made Amendment 750 retroactive, allowing certain defendants to seek sentence reductions pursuant to § 3582(c)(2)." Id. Even though Amendment 750 is retroactive, "the operation of the statutory minimum sentence . . . preclude[s] a sentence reduction under 18 U.S.C. § 3582(c)(2). Id. at 1194 n.1. Accordingly, because the district court sentenced Defendant pursuant to a statutory provision rather than a Guideline range, a "reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n.1.

7

and the district court's decision is AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge