FILED
United States Court of Appeals
Tenth Circuit

September 19, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE WILSON,

Defendant - Appellant.

No. 12-1512
(D.C. Nos. 1:08-CV-01818-RPM;
1:03-CR-00036-RPM-10)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Federal inmate Dwayne Wilson, proceeding pro se,[1] requests a certificate of

appealability ("COA") to contest the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, correct, or set aside his sentence. He also seeks our

leave to proceed *in forma pauperis* ("IFP"). We **deny** Mr. Wilson's request for a

COA, **deny** his request to proceed IFP, and **dismiss** this matter.

---

[*]    This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]    Because Mr. Wilson is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

# I

A federal jury convicted Mr. Wilson of various offenses related to his role in a drug distribution conspiracy. On direct appeal, we affirmed. *United States v. Wilson*, 183 F. App'x 814 (10th Cir. 2006). Mr. Wilson then sought § 2255 relief from the district court, which denied him such relief and also denied him a COA. He now asks us for a COA in order to appeal the district court's denial of his § 2255 motion.

# II

We are not authorized to adjudicate the merits of an appeal from a denial of a § 2255 motion unless the movant has first obtained a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *see also United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012). "A COA will issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting 28 U.S.C. § 2253(c)(2)); *accord Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Harris*, 642 F.3d at 906 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**III**

We understand Mr. Wilson to raise the following arguments in his application for a COA: (1) the district court abused its discretion in construing a letter from him to the court as a § 2255 motion; (2) the district court made insufficient findings at his sentencing; (3) his trial and appellate attorneys provided ineffective assistance of counsel; (4) the district court improperly adopted facts in a presentence investigation report ("PSR"); (5) he was wrongly sentenced under a statutory enhancement rather than the sentencing guidelines; (6) the district court inappropriately considered a co-defendant's sentence in handing down his own; and (7) the district court did not offer sufficient findings in its denial of a COA.

**A**

Mr. Wilson contends that the district court abused its discretion when it characterized a letter he wrote to the court as a § 2255 motion without giving him adequate notice; as support, he cites the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). Mr. Wilson's contention is factually mistaken; we see nothing in the record to support it. And it is also legally misguided. Unlike in *Castro*, Mr. Wilson expressly relied on "the legal label" of § 2255 in filing his motion, and the district court ruled on the motion as such. *Castro*, 540 U.S. at 381 ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to

3

place it within a different legal category.").  Accordingly, there was no need for the district court to give Mr. Wilson the notice that *Castro* contemplates.  *See id.* at 383 ("The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion.  In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading . . . .").  Therefore, we find no merit in Mr. Wilson's recharacterization argument.

**B**

In Mr. Wilson's view, the district court made insufficient findings at his sentencing.  He relies in part on Federal Rule of Civil Procedure 52(a)(1), but a COA can only be granted for constitutional errors.  *See United States v. Gordon*, 172 F.3d 753, 754 (10th Cir. 1999).  In any event, Rule 52(a)(1) relates only to civil bench trials and Mr. Wilson was found guilty by *a jury* in a criminal prosecution.

The thrust of Mr. Wilson's argument on this point appears to be that the district court failed to identify with sufficient specificity the type or quantity of drugs involved in his offense, despite the fact that Mr. Wilson's objections to the PSR called those matters into question.  Be that as it may, the only right Mr. Wilson had to such a specific finding emanated from Federal Rule of Criminal Procedure 32(i)(3)(B), and, as mentioned, we are not permitted to grant a COA for a non-constitutional error.

4

## C

We likewise see no merit in Mr. Wilson's contention that his attorneys were ineffective for failing to assert arguments about the type and quantity of the drugs associated with the conspiracy. A § 2255 movant claiming ineffective assistance of counsel must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Here, the district court implicitly found the type and quantity of drugs when it sentenced Mr. Wilson. Moreover, the sentencing transcript reflects that the district court was aware of Mr. Wilson's challenge to the drug evidence, and Mr. Wilson acknowledges in his application for a COA and in various other filings that there was in fact some evidence to support the district court's finding. Though Mr. Wilson regards that evidence as "false and inaccurate and unconstitutional," Aplt. Opening Br. at 9, that does not alter the fact that the district court was aware of Mr. Wilson's concerns about the evidence and chose to discount them. Thus, there is nothing to suggest that the outcome would have been any different had counsel fought the drug findings, and Mr. Wilson's ineffective assistance claim founders on *Strickland*'s prejudice prong.

## D

Turning to Mr. Wilson's next argument, he takes issue with the district

5

court's decision to "adopt" the PSR with respect to the drug type and quantity. *Id.* at 10. As an initial matter, no constitutional provision prevents a district court from adopting such a finding after considering the parties' respective positions on the matter, which is exactly what the district court did. Indeed, the record makes clear that the district court took note not only of defense counsel's objections to the PSR, but of Mr. Wilson's additional personal objections as well. We see no impropriety, let alone one rising to constitutional dimensions. *See United States v. Landry*, 465 F. App'x 746, 754 (10th Cir. 2011) ("Thus, we do not find error in the district court's adoption of the PSR's drug quantity finding.").

Furthermore, to the extent that Mr. Wilson is making out a sufficiency-of-the-evidence claim regarding the drug quantity, he cannot do so in a § 2255 motion, as he made no such claim in his direct appeal and has not shown cause and prejudice, or a miscarriage of justice. *See United States v. Geiner*, 443 F. App'x 378, 381 (10th Cir. 2011) (denying a COA on a sufficiency-of-the-evidence claim in a § 2255 motion where it was not raised on direct appeal and where there was no showing of cause and actual prejudice, or a miscarriage of justice); *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) ("A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."). And, even if Mr.

6

Wilson were entitled to raise the argument at this late date, his conclusory assertions that the evidence of drug quantity and type was insufficient would not qualify him for a COA, particularly as he does not even make clear what the evidence *was*, let alone what was wrong with it. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013) ("While we liberally construe Parker's pro se filings, we will not 'assume the role of advocate.'") (quoting *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008)).

## E

It is Mr. Wilson's position that his term of imprisonment should have been calculated with reference to the sentencing guidelines rather than a statutory sentencing enhancement because he was convicted of conspiracy. Again, this is not a constitutional claim and consequently not suited to a § 2255 motion. In addition, the argument is meritless. *See United States v. Nicholson*, 243 F. App'x 378, 381 (10th Cir. 2007) (affirming a district court that applied the enhancement in question to a conspiracy conviction); *United States v. Ellis*, 326 F.3d 593, 598 n.4 (4th Cir. 2003) (same); *see also United States v. Kimler*, 335 F.3d 1132, 1145 (10th Cir. 2003) ("[S]tatutes trump guidelines when the two conflict.").

## F

Mr. Wilson complains that the district court impermissibly took a co-defendant's sentence into account when determining his own. Though the

Constitution gives defendants the right to "individualized consideration" by sentencing courts, *Hatch v. Oklahoma*, 58 F.3d 1447, 1466 (10th Cir. 1995), *overruled on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001) (en banc), it does not require courts to ignore the sentences received by co-defendants. *See, e.g.*, *Meyer v. Branker*, 506 F.3d 358, 375 (4th Cir. 2007); *Beardslee v. Woodford*, 358 F.3d 560, 579 (9th Cir. 2004); *Schneider v. Delo*, 85 F.3d 335, 342 (8th Cir. 1996). It also warrants mention that the district court here plainly regarded the co-defendant's sentence as a reason to impose a *less* severe penalty on Mr. Wilson. As a result, the error Mr. Wilson alleges could not have injured him.

## G

Lastly, Mr. Wilson avers that the district court offered insufficient findings to justify its denial of a COA. Whatever the merits of this argument are, it is simply not a reason for *us* to grant one. As demonstrated above, Mr. Wilson has not "made a substantial showing of the denial of a constitutional right," *Coppage*, 534 F.3d at 1281 (quoting 28 U.S.C. § 2253(c)(2)) (internal quotation marks omitted), and so we deny his request for a COA.

## IV

For the reasons stated, we **deny** Mr. Wilson's request for a COA, **deny** his

8

request to proceed IFP, and **dismiss** this matter.[2]

Entered for the Court

JEROME A. HOLMES
Circuit Judge

---

[2]    Mr. Wilson has filed a motion for release on bail pending review of his § 2255 motion. We **deny** that motion as moot.