**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

 Plaintiff–Appellee,

v.

DWAYNE WILSON,

 Defendant–Appellant.

No. 13-1468
(D.C. Nos. 1:08-CV-01818-RPM &
1:03-CR-00036-RPM-10)
(D. Colo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Dwayne Wilson requests a certificate of appealability ("COA") to appeal the district court's denial of a motion to reconsider his amended 28 U.S.C. § 2255 motion and its denial of his motion for recusal. We decline to grant a COA. However, because the district court lacked jurisdiction over the amended motion, we remand to the district court with instructions to dismiss or transfer.

**I**

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Wilson was convicted in federal court of several drug-related charges and sentenced to 240 months' imprisonment.  We affirmed his convictions and sentence on direct appeal.  See United States v. Wilson, 183 F. App'x 814 (10th Cir. 2006) (unpublished).  Wilson then unsuccessfully sought a reduction of his sentence under 18 U.S.C. § 3582, and we affirmed the denial of that motion.  See United States v. Wilson, 493 F. App'x 919 (10th Cir. 2012) (unpublished).

In addition to his direct appeal proceedings, Wilson filed a 28 U.S.C. § 2255 motion in 2008.  The district court denied that motion, and this court denied a COA and dismissed Wilson's appeal.  He then filed a petition in this court seeking authorization to file a second or successive § 2255 motion, which we also denied.

Wilson then returned to the district court, where he filed a document captioned "Amended Motion under 28 U.S.C. § 2255 to Correct Sentence Pursuant to Fed. R. Civ. P. 15(c) and/or in the [Alternative] a Motion for Reconsideration."  In the motion, Wilson argued that the district court lacked authority to impose a mandatory minimum sentence under 21 U.S.C. § 851 because the government had not provided adequate notice of his prior convictions.  He also argued that his counsel was ineffective in failing to raise the issue.  He requested that the court impose a lesser sentence.  The district court denied the motion.  Wilson responded with a motion for reconsideration and a motion requesting that the district court judge recuse. The district court denied both motions.  Wilson then filed a notice of appeal identifying the latter order as the subject of his appeal.

**II**

Absent the grant of a COA, an appeal may not be taken from a "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); see also Dulworth v. Jones, 496 F.3d 1133, 1136 (10th Cir. 2007) ("[A]ll appeals from final orders in habeas cases, of whatever type, should be required to meet the COA standard to proceed."). We will grant a COA only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We conclude that Wilson has not made this showing with respect to the denial of his motion to recuse. In general, we review the denial of a motion for recusal for abuse of discretion. ClearOne Commc'ns, Inc. v. Bowers, 651 F.3d 1200, 1217 (10th Cir. 2011). Wilson relies on adverse and delayed rulings from the district court in support of his motion, both of which this court has rejected as grounds for recusal. See United States v. Mendoza, 468 F.3d 1256, 1262 (10th Cir. 2006) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge."); Kennedy v. Meacham, 540 F.2d 1057, 1060 (10th Cir. 1976) (delay in ruling insufficient to require recusal). Nor do Wilson's conclusory allegations otherwise demonstrate a valid basis for recusal.

As to Wilson's motion for reconsideration, we conclude that the district court lacked jurisdiction to rule on the underlying amended motion. "[A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. As a result, if the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading." United States v. Nelson, 465 F.3d 1145, 1148 (10th Cir. 2006) (citations omitted); see also 28 U.S.C. § 2255(h) (requiring authorization).

Although Wilson referenced Fed. R. Civ. P. 15(c) in his amended motion, "[i]t is the relief sought, not his pleading's title, that determines whether the pleading is a § 2255 motion." Nelson, 465 F.3d at 1149. And because Wilson "wishes to amend his complaint to allege that his sentence was unlawful" rather than "asserting any procedural error in the disposition of his original habeas motion," the filing is properly construed as an unauthorized second or successive habeas motion. Id. at 1148-49. "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court," the district court has two options: it "may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

### III

We **DENY** Wilson's request for a COA, **VACATE** the district court's denial of

his amended § 2255 motion, and **REMAND** to the district court to dismiss for lack of jurisdiction or to transfer the motion to this court as a request to file a second or successive habeas petition.  Because Wilson has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge