FILED
United States Court of Appeals
Tenth Circuit

October 7, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DWAYNE WILSON,

Defendant - Appellant.

No. 14-1280
(D.C. Nos. 1:03-CR-00036-RPM-10 &
1:08-CV-01818-RPM)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HARTZ**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Dwayne Wilson is serving a lengthy sentence for a federal drug conviction. He now seeks a certificate of appealability (COA) to review the district court's denial for lack of jurisdiction of his "Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4)." R. at 31. We deny a COA and dismiss this proceeding.

I. Background

Mr. Wilson filed his first 28 U.S.C. § 2255 motion in 2008. It languished without responsive action for two years until he made inquiries to the district court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

clerk's office. Then, on August 27, 2010, an entry was made on the civil docket for the case, stating that the case was closed, but issuing no order addressing the merits of the § 2255 motion. Subsequent filings from Mr. Wilson regarding the matter went unanswered. Finally, on December 11, 2012, after Mr. Wilson petitioned this court for a writ of mandamus to prompt action, the district court entered an order reopening the § 2255 case and denying relief. Mr. Wilson sought a COA to appeal the denial, but we denied his request after determining that none of his claims merited review. *See United States v. Wilson*, 545 F. App'x 714, 715-18 (10th Cir. 2013).[1]

Mr. Wilson subsequently filed the Rule 60(b)(4) motion at issue in this proceeding. The motion asserted that the docket entry of August 27, 2010, and order of December 11, 2012, were procedurally flawed and therefore properly the subject of a 60(b) motion under *Gonzalez v. Crosby*, 545 U.S. 524 (2005). Mr. Wilson also filed a supplemental § 2255 motion, which attacked the same sentence as the one he challenged in his first § 2255 motion.

---

[1] Shortly after we denied COA, Mr. Wilson filed an amended § 2255 motion. The district court denied the motion and Mr. Wilson's motion to reconsider the denial. In the proceeding on Mr. Wilson's subsequent request for a COA, we vacated the district court's denial and directed it to dismiss the successive § 2255 motion for lack of jurisdiction or transfer it to this court for authorization. *See United States v. Wilson*, 553 F. App'x 831, 832 (10th Cir. 2014). The district court ultimately dismissed the amended § 2255 motion for lack of jurisdiction.

In its order, the district court concluded that the supplemental § 2255 motion was a successive § 2255 motion that the court lacked jurisdiction to consider. The district court mentioned the 60(b) motion and noted that it should be denied for lack of jurisdiction, but did not explain the basis for reaching that conclusion.

## II. Analysis

Mr. Wilson does not address the district court's ruling that his supplemental § 2255 motion is a successive motion that must be dismissed for lack of jurisdiction. He has therefore waived any challenge to the district court's ruling on that issue. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003). He focuses his COA brief instead on the district court's ruling on his 60(b) motion, arguing that the district court improperly treated his 60(b) motion as a successive § 2255 motion. To receive a COA, Mr. Wilson must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We need not resolve Mr. Wilson's challenge to the district court's procedural ruling because, as noted above, he must also make a showing on the merits of his 60(b) motion in order to be entitled to a COA. As the Supreme Court explained in *Slack*, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Because the basis for the district court's

- 3 -

procedural ruling on the 60(b) motion is unclear, the issue whose answer is more apparent from the record and arguments is the one related to the merits of Mr. Wilson's 60(b) motion.

In his 60(b) motion, Mr. Wilson requested that the district court's orders from August 27, 2010, and December 11, 2012, be vacated, arguing that the court terminated his § 2255 motion without explanation. But the district court remedied any procedural error in the unexplained August 2010 case-closing with its December 2012 order that reopened the case and did give an explanation (although brief) for the denial of the § 2255 motion. Moreover, in our decision denying COA, we considered all of Mr. Wilson's claims and provided a thorough explanation for the result. *See Wilson*, 545 F. App'x at 715-18. Mr. Wilson has therefore failed to show that jurists of reason would find it debatable that his 60(b) motion stated a valid claim for relief.

Accordingly, we deny a COA and dismiss this matter. We grant Mr. Wilson's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -