**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick Lee IRONS, Defendant–Appellant.**

**No. 99–3955.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 17, 2001.

Decided March 2, 2001.

Rehearing and Rehearing en Banc Denied March 27, 2001.

---

Before EASTERBROOK, EVANS, WILLIAMS, Circuit Judges.

ORDER

This case presents a situation that occurs with some regularity: a defendant pleads guilty to drug charges (here, a conspiracy and two substantive counts of dealing in crack cocaine), gets sentenced, and argues on appeal that the district court credited unreliable evidence in determining his "relevant conduct" (*i.e.*, the quantity of drugs he is responsible for) under the federal sentencing guidelines. Rather than clutter up the pages of the *Federal Reporter* with yet another fact-specific appeal like this, we will resolve this case in a short unpublished order.

The indictment to which Mr. Irons pled guilty alleged that he was a member of a conspiracy to distribute crack cocaine. The conspiracy, according to the indictment, began in early 1997 and continued for some 26 months. It was headed by Theodore "Buckeye" Johnson, and it involved obtaining (generally from Chicago) and distributing (generally in Madison County, Illinois) significant amounts of crack cocaine. Johnson and Irons were well-acquainted—Johnson fathered the child of Irons' sister and Johnson's sister was Irons' girl friend.

In addition to the conspiracy count, the two substantive counts to which Irons pled guilty involved his sales of small portions of crack to an informant (in controlled buys monitored by drug agents) in 1998. The presentence report calculated Irons' relevant conduct as "at least 31 kilograms" of crack. After a sentencing hearing at which the case agent (Rick Stonecipher) testified, the district judge set Irons' relevant conduct at an amount that exceeded 1.5 kilos of crack, less than 5 percent of the crack allegedly involved in the overall conspiracy.

At the sentencing hearing, where the rules of evidence do not strictly apply, Agent Stonecipher related statements given to him in the course of the investigation from various conspirators detailing the workings of the operation and Irons' role in it. One of the conspirators in particular, Lonzell Simmons, told the agent that he, Buckeye, and Mr. Irons made some 64 trips to Chicago, with most resulting in the purchase of 18 ounces (456 grams) of crack. On three or four of these trips, 30 ounces (850 grams) was obtained. There is nothing we can see that is incredible or unbelievable as a matter of law in this evidence. And the defense never asked that Simmons or any other conspirator who gave statements implicating Irons be summoned to court for live testimony.

So if only a bare smidgeon of this evidence is accepted as true, as it was by the district court, Irons' relevant conduct easily exceeds 1.5 kilograms of crack. Because, on the basis of this record, that finding cannot be characterized as even close to being clearly erroneous, we may not disturb it on appeal. Accordingly, the

sentence of the district court is AFFIRMED.