In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2377

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

FREDERICK LEE IRONS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 99-CR-30022—**David R. Herndon**, *Chief Judge*.

ARGUED JANUARY 23, 2013—DECIDED APRIL 11, 2013

Before POSNER and WILLIAMS, *Circuit Judges*, and
NORGLE, *District Judge*.[*]

NORGLE, *District Judge*. Frederick Lee Irons was sentenced to 240 months' imprisonment on November 5, 1999, after he pleaded guilty to one count of conspiracy to distribute cocaine base, 21 U.S.C. §§ 841(a)(1), and 846,

---

[*] Hon. Charles R. Norgle of the United States District Court for the Northern District of Illinois, sitting by designation.

and two counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1). Irons now seeks, for the second time, a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the federal Sentencing Guidelines for crack cocaine offenses.

The district court denied Irons's motion for lack of jurisdiction. Irons appeals that decision, arguing that the district court erred when it found him responsible for thirty-one kilograms of crack cocaine—a decision that Irons claims is not supported by the evidence presented at his sentencing. We affirm the district court's ruling, denying Irons's § 3582(c)(2) motion for lack of subject-matter jurisdiction.

## I. Background

### A. Factual Background

On March 17, 1999, a grand jury in the Southern District of Illinois returned a nine-count superceding indictment against Frederick Lee Irons and seven co-defendants, Theodore Johnson, Saxon D. Simmons, Sharon L. Barnes, Sharon Johnson, Barry Dabney, Jerome E. Johnson, and Thetis L. Johnson. Irons entered an oral plea of guilty to counts one, two, and three of the indictment on June 22, 1999. Count one charged Irons with conspiracy to distribute crack cocaine, while counts two and three involved controlled buys by the Southern Illinois Drug Task Force and confidential informants of small amounts of crack cocaine, sold by Irons.

The events took place in Centralia, Illinois from January 1997 through March 1999, approximately eight months of which Irons was involved. Theodore "Buckeye" Johnson was the leader of the operation and was responsible for getting people to move the drugs from Chicago to Centralia. Theodore Johnson obtained the drugs from "Mr. Man," Irons's brother-in-law in Chicago. Irons worked as a runner and seller, retrieving the crack cocaine from Chicago and bringing it back to Centralia for packaging and sale.

A Presentence Investigation Report ("PSR") was prepared by the Probation Department for the sentencing hearing on November 5, 1999. Among other things, the PSR contained information from confidential informants and co-defendants as to the amount of drugs personally attributable to Irons. The estimated amounts varied based upon each co-defendant's level of involvement and personal interaction with Irons. Co-defendant Lonzell Simmons told authorities that he made approximately sixty-four trips to Chicago with Irons and Theodore Johnson, picking up eighteen ounces of crack cocaine on each occasion, with the exception of three or four times when they purchased thirty ounces. Thetis L. Johnson told authorities that during the course of the conspiracy, approximately one kilogram of crack cocaine was sold each week. Factoring in Irons's eight-month involvement in the conspiracy, the amounts provided by both co-defendants exceed thirty-one kilograms.

Irons and his attorney filed eighteen objections to the PSR challenging the quantity of drugs and the extent of

Irons's relevant involvement. During the hearing, Irons withdrew two of his objections, and the remainder were addressed by the parties and the court. In Objection No. 10, Irons specifically rejected Paragraph 29 of the PSR, which provided that Irons's "relevant conduct involved at least 31 kilograms of cocaine base in the form of 'crack' cocaine."

Irons testified in support of his various objections to the PSR. For the government, the case agent from the Federal Bureau of Investigation, Rick Stonecipher, testified about the details of the conspiracy and Irons's role within it. Stonecipher related statements made by various co-conspirators as to the amount of crack cocaine for which Irons was responsible.

After hearing the evidence presented by Irons and the government, the district court found "that the credible and competent evidence supports the assertions made by the Probation Department in the [PSR], and finds that the relevant conduct in this case exceeds 1.5 kilograms." The court went on to overrule Irons's remaining objections to the PSR, stating that "relative to Objection 1 the Court adopts the probations officer's position; the same with respect to Objection 2, 3, 4, 5, 6, 7, 8, 11, 9, *10*, 12, 13, 14, 15, and 18." (emphasis added).

Having adopted the PSR's determination of the amount of Irons's relevant conduct, based on the mandatory sentencing guidelines at the time, the court found Irons subject to the highest base offense level of 38, for offenses involving 1.5 kilograms or more. Upon reducing the offense level to 35 for acceptance of re-

sponsibility, along with a criminal history category of III, the district court sentenced Irons to 240 months' imprisonment. We affirmed the sentence on appeal, holding that the district court's finding of relevant conduct in the amount of thirty-one kilograms was not clearly erroneous. *United States v. Irons*, 5 F. App'x 516, 517 (7th Cir. 2001).

On March 5, 2008, Irons filed a motion for retroactive application of sentencing guidelines to crack cocaine offenses pursuant to § 3582(c)(2), seeking a reduction in his sentence due to an amendment to the Sentencing Guidelines, which raised the threshold quantity for the highest offense level to 4.5 kilograms of cocaine base or crack cocaine. Irons argued that, in determining his base offense level at sentencing, the district court found only that his relevant conduct was at least 1.5 kilograms. Irons's appointed counsel moved, and was granted, leave to withdraw after representing that Irons was not eligible for a sentence reduction based on the PSR adopted by the district court, which found Irons responsible for more than 4.5 kilograms—indeed at least thirty-one kilograms. The motion was dismissed for lack of jurisdiction because the district court found that the amendment would not reduce Irons's base offense level. We affirmed that decision on February 24, 2011, finding that "[b]ecause the applicable guidelines range was not lowered, the district court lacked the discretion to grant the motion and reduce his sentence." *United States v. Irons*, No. 10-3648, 2011 U.S. App. LEXIS 26328, at *2 (7th Cir. Feb. 24, 2011).

**B. Procedural Background**

On October 31, 2011, Irons filed yet another motion seeking a reduction in his sentence based on retroactive changes in the Sentencing Guidelines for crack cocaine offenses. The district court appointed counsel, who filed Irons's second § 3582(c)(2) motion. Irons claimed that his sentence should be reduced due to the retroactive application of Amendment 750 to the Sentencing Guidelines, which raised the minimum amount of the highest base offense level for cocaine base to 8.4 kilograms. *See* U.S.S.G. § 2D1.1. Irons once again argued that, at his sentencing, the court only found him liable for an excess of 1.5 kilograms, and that the evidence presented did not support a higher amount. The district court denied Irons's motion, finding that it lacked subject-matter jurisdiction under § 3582(c)(2).

Irons appeals that decision.

## II. Discussion

We review de novo whether a district court has the authority to entertain a sentence modification under § 3582(c)(2). *United States v. Davis*, 682 F.3d 596, 609 (7th Cir. 2012). A district court's denial of a § 3582(c)(2) motion is reviewed for an abuse of discretion. *United States v. Hall*, 600 F.3d 872, 875 (7th Cir. 2010). This is a highly deferential standard, overturned only if the district court's decision was unreasonable or arbitrary. *United States v. Young*, 555 F.3d 611, 615 (7th Cir. 2009). A district court's factual findings at sentencing are

reviewed for clear error. *United States v. Hill*, 645 F.3d 900, 907 (7th Cir. 2011). "Factual findings are clearly erroneous only if we are firmly convinced after we review all of the evidence that a mistake has been made." *Id.* Here, the district court denied Irons's § 3582(c)(2) motion, finding that it lacked subject-matter jurisdiction because Irons's sentencing range was not lowered by Amendment 750 to the Sentencing Guidelines. Therefore, we review that decision for an abuse of discretion.

Pursuant to § 3582(c)(2), "[t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). Once a lowered sentencing range has been established, "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* However, if the defendant fails to meet the first condition, "a district court lacks subject-matter jurisdiction to consider the [defendant's] request for a sentence reduction under § 3582(c)(2)." *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008).

The district court denied Irons's motion for lack of subject-matter jurisdiction for failure to satisfy the first condition under § 3582(c)(2), namely, that Irons was unable to show that his applicable sentencing

range had been retroactively lowered. In doing so, the court determined that Irons was found responsible for thirty-one kilograms of crack cocaine, at the 1999 sentencing hearing. This amount greatly exceeds the minimum 8.4 kilograms under the amended guidelines for the highest base offense level, 38, under which Irons was originally sentenced. Therefore, the court determined that Irons's base offense level and corresponding sentencing range remained unchanged.

Irons now argues that the district court erred because it never found him responsible for thirty-one kilograms of crack cocaine at his sentencing, as the district court suggested in denying his motion. At sentencing, after hearing testimony from both Irons and the government, the court specifically adopted the PSR's finding, and rejected Irons's objection to the PSR finding that his relevant conduct was at least thirty-one kilograms. We affirmed the court's determination of the finding of relevant conduct on appeal, and again on the appeal of Irons's first § 3582(c)(2) motion. District courts may rely on the information in a PSR for purposes of sentencing "so long as it is well-supported and appears reliable." *United States v. Moreno-Padilla*, 602 F.3d 802, 808 (7th Cir. 2010). "In the absence of actual evidence controverting the information in the PSR, *i.e.*, something more than the appellants' mere denials, it [is] not necessary for [a] court to conduct any further inquiry into the disputed sentencing issues." *United States v. Taylor*, 72 F.3d 533, 547 (7th Cir. 1995). Accordingly, we reject this argument.

Alternatively, Irons argues that the district court's adoption of the PSR's determination of thirty-one kilograms of relevant conduct was clearly erroneous. Additionally, Irons claims that the district court erred in failing to reconsider the factual basis for the PSR's determination of his relevant conduct. However, this court already found that the district court's factual determinations were not clearly erroneous, and therefore we decline to entertain Irons's attempt to re-argue that appeal. *See Irons*, 5 F. App'x at 517. Furthermore, while it is true that a district court, in deciding a § 3582(c)(2) motion, may make "new findings that are supported by the record and not inconsistent with the findings made in the original sentencing determination," *Hall*, 600 F.3d at 876, such an undertaking would not have benefitted Irons. The district court specifically found, through its adoption of the PSR, that Irons was responsible for at least thirty-one kilograms of crack cocaine. Therefore, it could not now make a finding inconsistent with that which has already been upheld on appeal. As such, we likewise reject Irons's alternative argument.

Finally, Irons briefly notes that the district court granted at least one of his co-defendants' § 3582(c)(2) motions. To the extent Irons suggests that the result of a co-defendant's motion should determinatively influence the outcome of his own motion, this undeveloped argument is rejected. *Hess v. Kanoski & Assocs.*, 668 F.3d 446, 455 (7th Cir. 2012) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (internal quotation marks and citation omitted)).

Because the district court determined at sentencing that Irons's relevant conduct was at least thirty-one kilograms, the district court did not abuse its discretion in denying Irons's § 3582(c)(2) motion for lack of subject-matter jurisdiction.

### III. Conclusion

For the foregoing reasons, we AFFIRM the decision of the district court.