NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 7, 2014[*]
Decided May 7, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 13-2069

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 91 CR 463-19 |
| LARRY MARTIN, | |
| *Defendant-Appellant.* | Rubén Castillo, |
| | *Chief Judge.* |

**O R D E R**

Larry Martin appeals from the denial of a motion to reduce his prison sentence based on a retroactive change to the offense levels for crack-cocaine offenses. *See* 18 U.S.C. § 3582(c)(2). The district court correctly determined that it lacked authority to reduce his sentence, and thus we affirm the decision.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Martin was convicted of conspiracy to distribute cocaine, *see* 21 U.S.C. §§ 846, 841, after a seven-week jury trial in 1992. At sentencing the district court found Martin responsible for 108 kilograms of crack, which corresponded to a base offense level of 42. *See* U.S.S.G. § 2D1.1(c)(1) (1992). After adding 4 levels for Martin's leadership role, *see id.* § 3B1.1(a), and 2 more levels for obstructing justice, *see id.* § 3C1.1, the court calculated a total offense level of 48 and criminal history category of I, yielding a then-mandatory guidelines "range" of life.

In 2012 Martin moved the district court to reduce his life sentence based on amendments 748 and 750 to the guidelines, which retroactively lowered the offense levels for certain crack-cocaine offenses. *See* U.S.S.G. App. C, vol. III at 374–85, 391–98 (2011). Martin argued that, because those amendments reduce his base offense level to 38, he is eligible for a lower sentence.

In its response the government pointed out that the reduction in Martin's base offense level has no effect on his guidelines range; after adding the upward adjustments that the district court imposed, Martin's total offense level would be 44, which also carries a guidelines sentence of life imprisonment. So, the government asserted, the district court lacked authority under § 3582(c)(2) to reduce Martin's sentence because he was not sentenced based on a guidelines range that has subsequently been lowered. The court agreed with the government and denied Martin's motion.

On appeal Martin maintains that his reduced base offense level gives the district court authority under § 3582(c)(2) to reduce his sentence. But § 3582(c)(2) permits the court to modify a sentence only if the defendant "has been sentenced to a term of imprisonment based on a *sentencing range* that has subsequently been lowered." 18 U.S.C. § 3582(c)(2) (emphasis added); *see United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013); *United States v. Johnson*, 571 F.3d 716, 717 (7th Cir. 2009). Because the sentencing court adjusted Martin's offense level upward by 6 levels, his guidelines range—even with the benefit of the retroactive amendments—still is life.

Lastly, Martin contends that the district court erroneously relied on the sentencing court's drug-quantity finding because, he says, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), require that a jury make those findings. But the principles in those cases are irrelevant here because § 3582(c)(2) neither authorizes a plenary resentencing nor "implicate[s] the Sixth Amendment right to have essential facts found by a jury beyond a reasonable doubt." *Dillon v. United States*, 130 S. Ct. 2683, 2691–92 (2010); *see United States v. Davis*, 682 F.3d

596, 610 (7th Cir. 2012); *United States v. Woods*, 581 F.3d 531, 536 (7th Cir. 2009). Moreover, even if those cases could reach § 3582(c)(2) motions, "decisions in the *Apprendi* sequence do not apply retroactively." *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005); *see Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013); *Curtis v. United States*, 294 F.3d 841, 842 (7th Cir. 2002).

**AFFIRMED**.