NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2014[*]
Decided June 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

Nos. 13-3348 & 13-3556

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff–Appellee,* | Appeals from the United States District Court for the Southern District of Illinois. |
| *v.* | Nos. 3:99CR30022-001 & 3:99CR3022-005 |
| THEODORE JOHNSON and FREDERICK LEE IRONS, *Defendants–Appellants.* | David R. Herndon, *Chief Judge*. |

**O R D E R**

Theodore Johnson and Frederick Irons appeal from adverse decisions on motions under 18 U.S.C. § 3582(c)(2) for a sentence reduction on the basis of Amendment 591 to the sentencing guidelines. Because the two appeals present the identical issue, we have consolidated them for disposition.

---

[*]After examining the briefs and records, we have concluded that oral argument is unnecessary. Thus these appeals are submitted on the briefs and records. See FED. R. APP. P. 34(a)(2)(C).

Johnson and Irons both pleaded guilty to conspiracy to distribute crack cocaine. See 21 U.S.C. §§ 846, 841(a)(1). At their sentencing hearings—Irons's in 1999 and Johnson's in 2000—the district court found that each defendant's relevant conduct involved at least 1.5 kilograms of cocaine base. Applying U.S.S.G. § 2D1.1 as the offense guideline, the court sentenced Irons to 240 months' imprisonment and Johnson to 360 months' imprisonment. We affirmed those sentences on direct appeal. See *United States v. Irons*, 5 F. App'x 516 (7th Cir. 2001); *United States v. Johnson*, 3 F. App'x 524 (7th Cir. 2001). Since that time, Johnson and Irons have unsuccessfully challenged their sentences through various means, including multiple unsuccessful motions to vacate, set aside, or correct their sentences under 28 U.S.C. § 2255.

In 2013 the two men filed separate motions under § 3582(c)(2) asserting that a sentence reduction was warranted by Amendment 591. Section 3582(c)(2) allows a district court to reduce a term of imprisonment if a retroactive amendment to the sentencing guidelines later lowers the guidelines range. And Amendment 591, which became effective on November 1, 2000, retroactively requires that the sentencing court's selection of the offense guideline under Chapter 2 be based on the offense of conviction, not on judicial findings of uncharged conduct. See U.S.S.G. app. C, vol. II, amend. 591 (2003); *United States v. Kosmel*, 272 F.3d 501, 507 (7th Cir. 2001); *United States v. Moreno*, 421 F.3d 1217, 1219–20 (11th Cir. 2005); *United States v. Rivera*, 293 F.3d 584, 585 (2d Cir. 2002). The district court concluded that Amendment 591 did not lower the guidelines range for either Johnson or Irons. The court also noted that the two men largely were echoing arguments they had made based on *Apprendi v. New Jersey*, 540 U.S. 466 (2000), in their unsuccessful motions for collateral review.

We agree with the district court that Amendment 591 does not make either defendant eligible for a reduced sentence. When the two defendants were sentenced, the district court applied § 2D1.1 as the offense guideline for the drug conspiracy, just as the court would have been required to do if Amendment 591 already had been in place. See U.S.S.G. app. A (specifying § 2D1.1 as offense guideline for violations of § 846 and § 841(a)).

Indeed, the common argument pressed by Johnson and Irons has nothing to do with Amendment 591. Their real objection is to the sentencing court's determination of a drug quantity that was not charged in the indictment, admitted by them, or found by a jury. But the defendants are just rehashing the arguments they made earlier in their collateral attacks under § 2255. Those arguments relied on *Apprendi*, and the attacks failed because *Apprendi* does not apply retroactively on collateral review. *Simpson v.*

*United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005).

The judgments are AFFIRMED.