In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3229

UNITED STATES OF AMERICA,

*Plaintiff-Appellee.*

*v.*

ANTHONY BAILEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:10 CR 00091-001—**William T. Lawrence**, *Judge.*

ARGUED JULY 8, 2014 — DECIDED JANUARY 29, 2015

Before WOOD, *Chief Judge*, and BAUER and HAMILTON,
*Circuit Judges*.

HAMILTON, *Circuit Judge*. Anthony Bailey pled guilty in
2011 to distributing crack cocaine. He pled guilty under a
binding plea agreement subject to Federal Rule of Criminal
Procedure 11(c)(1)(C) and agreed to a prison sentence of 240
months. The agreement, however, allowed Bailey to seek to
modify his sentence if Congress or the Supreme Court later
determined that the Fair Sentencing Act of 2010, Pub. L. No.
111-220, 124 Stat. 2372, should apply to cases like his.

The district court accepted the plea agreement and imposed the 240-month sentence. Bailey did not appeal, but the Supreme Court then decided *Dorsey v. United States*, 132 S. Ct. 2321 (2012). *Dorsey* reversed a decision of this court and held that the FSA should apply to cases where the crimes were committed before the FSA took effect but sentence was imposed after it took effect. Bailey falls into this category. By then the time to file a direct appeal had expired, and in 2013 Bailey filed a pro se motion asking for a reduced sentence. The district court appointed counsel who supplemented Bailey's motion. The court eventually denied relief using a form order designed for motions under 18 U.S.C. § 3582(c)(2), which authorizes reductions of sentences when the Sentencing Commission has retroactively amended a relevant sentencing guideline. Bailey has appealed.

The principal challenge for both counsel and the courts here has been to identify the correct procedural vehicle for considering Bailey's request for relief. We conclude that Bailey's motion is best understood as a petition for relief under 28 U.S.C. § 2255 for a sentence that was imposed contrary to law. The parties negotiated Bailey's sentence under the impression that he was subject to a mandatory minimum sentence of 20 years because he committed the crimes before the FSA's enactment. It is now clear that he was subject to a mandatory minimum sentence of only 10 years. Without consideration of any statutory minimum, Bailey's guideline range when he was sentenced would have been 85 to 104 months in prison. We express no view on what an appropriate sentence would be. In light of the parties' reservation of Bailey's right to seek relief from the sentence, however, the best remedy is simply a new sentencing hearing.

We address first whether Bailey could seek a modified sentence under 18 U.S.C. § 3582(c)(1)(B) or (c)(2). We find that neither provision applies.

Paragraph (c)(2), which is available when the Sentencing Commission makes retroactive a post-sentencing Guideline amendment that lowers a defendant's sentencing range, is not available to Bailey. His sentencing range has never been retroactively "lowered by the Sentencing Commission," in the terms of the statute. See U.S.S.G. § 1B1.10; *Dixon*, 687 F.3d 356, 358 (7th Cir. 2012); *United States v. Duncan*, 639 F.3d 764, 767 (7th Cir. 2011). The guideline imprisonment range of 85 to 104 months calculated by the district court before applying the statutory minimum already accounted for the FSA. The Sentencing Commission had already amended U.S.S.G. § 2D1.1(c) to implement the FSA before Bailey was sentenced. See U.S.S.G. app. C., vol. III, amend. 748, pp. 374-85 (effective Nov. 1, 2010). The Supreme Court is not the Sentencing Commission, which has not adopted a retroactive amendment that would have reduced his imprisonment range determined at his sentencing in May 2011.

Bailey also cannot obtain relief under § 3582(c)(1)(B), which authorizes a sentencing court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Several other circuits have read the phrase "expressly permitted by statute" as disallowing sentence modifications unless resentencing has been ordered after a successful direct appeal under 18 U.S.C. § 3742(f), (g), or a collateral attack under 28 U.S.C. § 2255. We agree with this interpretation. See *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008); *United States v. Goines*, 357 F.3d 469, 476

(4th Cir. 2004); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States v. Triestman*, 178 F.3d 624, 629 (2d Cir. 1999).

In addition, the FSA itself "does not provide an independent basis for a sentence reduction," *United States v. Hodge*, 721 F.3d 1279, 1281 (10th Cir. 2013), and Bailey has not explained how § 3582(c)(1)(B) could have authorized the district court to modify his sentence. As support for that view he cites only a suggestion from *United States v. Price*, No. 08-cr-30179, 2012 WL 3263577, at *6 (S.D. Ill. Aug. 9, 2012) (noting district court's belief that, in light of *Dorsey*, § 3582(c)(1)(B) would supply "jurisdiction to modify" final sentence to apply FSA); see also *United States v. Wolford*, No. 08-29, 2013 WL 3995008, at *6 (W.D. Pa. Aug. 5, 2013) (speculating that, after *Dorsey*, relief might be available under § 3582(c)(1)(B), "although it is not certain").

We have not endorsed the *Price* suggestion, which would run contrary to the circuits' uniform view that § 3582(c)(1)(B) is narrow in scope and which, as far as our research shows, has not been adopted by any court. See *United States v. Chalmers*, No. 09-CR-20016, 2014 WL 1612613, at *4 (C.D. Ill. Apr. 22, 2014) (rejecting suggestion in *Price* that *Dorsey* permitted defendant to pursue sentence reduction under § 3582(c)(1)(B)); *United States v. Loudin*, No. 04-0281, 2013 WL 588506, at *3 (W.D. Pa. Feb. 13, 2013) (same); *United States v. Bradley*, No. 3:10-582-CMC, 2012 WL 3637747, at *1 (D.S.C. Aug. 22, 2012) (same); see also *United States v. Wilson*, 493 F. App'x 919, 921B22 (10th Cir. 2012) (non-precedential decision) (rejecting argument that § 3582(c)(1)(B) authorized retroactive application of FSA); *United States v. Little*, No. 10-20170, 2013 WL 5819629, at *2 (E.D. Mich. Oct. 29, 2013) (ex-

plaining that district courts have relied on § 3582(c)(2) and § 2255 to modify sentences in compliance with *Dorsey*). So neither portion of § 3582(c) is available here.

The stronger basis for relief here is 28 U.S.C. § 2255, the general post-conviction remedy for convicted federal prisoners. Section 2255(a) authorizes relief when a sentence was imposed in violation of the laws of the United States. Bailey was sentenced on the mistaken belief that federal law required a 20-year mandatory minimum sentence. That view was certainly understandable. It was consistent with this circuit's law at the time. See *United States v. Fisher*, 635 F.3d 336, 340 (7th Cir. 2011), *rev'd sub nom. Dorsey v. United States*, 132 S. Ct. 2321 (2012). Nevertheless, the Supreme Court's decision in *Dorsey* shows that was a mistake and that the statutory minimum was 10 years.

The parties left room for a collateral challenge to Bailey's sentence on precisely this basis. The plea agreement contained a general waiver of Bailey's rights to appeal or to bring a collateral challenge to his conviction or sentence, but it included an exception if the Fair Sentencing Act were held by the Supreme Court to apply retroactively, i.e., at least to defendants like Bailey who were sentenced after the FSA took effect for crimes committed before it took effect. That provision was included in the plea agreement at the defendant's request. The prosecution agreed, concluding it would be fair to release Bailey from the agreed 20-year sentence in the event that the Supreme Court held that the FSA applied to defendants like him.

The plea agreement did not spell out a specific procedural path for such relief, but we are confident both parties meant to allow for the possibility if *Dorsey* were to turn out

as it in fact did. An alternate route would have been for Bailey to have filed an apparently futile appeal but to have asked that it be stayed pending a final decision in *Dorsey*, but that is not necessarily the only available path. Again, § 2255 allows a federal prisoner to seek to vacate or correct a sentence imposed in violation of the laws of the United States. Sentencing a defendant based on a court's mistaken belief about the applicable statutory penalties is an example, even though such issues must ordinarily be raised in a direct appeal.

We acknowledge that the issue we decide is not the issue as the case was presented to the district court. It would be easy to find that Bailey had waived or forfeited reliance on § 2255. Even so, in the interest of justice we have discretion to relieve Bailey from his forfeiture or waiver. See *Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *Kaczmarek v. Rednour*, 627 F.3d 586, 595 (7th Cir. 2010); *United States v. Blagojevich*, 614 F.3d 287, 291 (7th Cir. 2010) (Posner, J., dissenting from denial of rehearing en banc); *Niedert v. Rieger*, 200 F.3d 522, 527 (7th Cir. 1999); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995); *United States v. Jarvis*, 499 F.3d 1196, 1201B02 (10th Cir. 2007); *United States v. Heater*, 63 F.3d 311, 331 n.5 (4th Cir. 1995).

This is an appropriate case to exercise that discretion. The procedural issues have been challenging for Bailey's capable counsel, and both sides recognize that when they entered the plea agreement, they meant for Bailey to have an opportunity to benefit from the FSA if *Dorsey* were to be decided in his favor. We commend the government for its fair-minded approach to the case, for its focus on having Bailey's sentence

decided on the merits, and for its decision to forgo reliance on possible procedural obstacles to Bailey's motion.

Accordingly, we construe Bailey's motion for a reduced sentence as a petition for collateral relief under § 2255. There is no material issue of fact that would require a hearing on the legal issue. With the benefit of *Dorsey* and hindsight, it is clear that Bailey's petition has merit.

We recognize the government's arguments regarding Bailey's criminal history and other factors, including Bailey's disciplinary problems in prison, that could make a sentence above the 10-year mandatory minimum reasonable. We are aware of no bar to the district court's consideration of those facts. See 18 U.S.C. § 3661 (no limitation shall be placed on information a federal court may consider in imposing sentence). We also recognize the district court's explanation for denying on the merits what it treated as a petition under § 3582(c)(2), but we are not persuaded that the district court would have imposed the same sentence of 20 years if it had known the mandatory minimum was only 10 years. Finally, nothing we have said should be read as expressing an opinion on the appropriate sentence in this case.

The district court's denial of Bailey's motion is reversed and the case is remanded with instructions to grant Bailey relief under § 2255 by vacating his sentence and holding a new sentencing hearing.