NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2015[*]
Decided December 7, 2015

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2564

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 05 CR 601-1 |
| SAULO SALINAS-OSPINA, *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

## O R D E R

Saulo Salinas-Ospina sought to reduce his 168-month prison sentence based on Amendment 782 to the federal sentencing guidelines, which retroactively reduced the guideline range for his crime. The district court denied the motion, reasoning that it did

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

not have the authority to reduce his sentence because it was already at the low end of the new range. Its analysis is correct, so we affirm the judgment.

When Salinas-Ospina was sentenced in 2009, he received a term of imprisonment below the then-current guideline range. He pleaded guilty to conspiracy to importing five kilograms of heroin to the United States. *See* 21 U.S.C. §§ 952, 963. The district court calculated a base offense level of 34, which included a 3-point increase for Salinas-Ospina's supervisory role and a 3-point decrease for acceptance of responsibility. Coupled with his category IV criminal history, this offense level yielded a guidelines imprisonment range of 210 to 262 months. The district court imposed a sentence of 168 months—42 months below the low-end of that range—for two reasons: His age (he was 71 years old at the time of the sentencing), and his declining health (he has been diagnosed with several health issues including chronic hypertension, hypothyroidism, gout, and arthritis and had a pacemaker installed while awaiting trial).

Salinas-Ospina now seeks a sentencing reduction under Amendment 782 to the federal sentencing guidelines. That amendment, which became effective on November 1, 2014 and is retroactive, reduced the offense levels assigned to Salinas-Ospina's drug quantities by two levels. *See* U.S.S.G. § 1B1.10(d); U.S.S.G. supp. to app. C, amends. 782, 788 (2014). By reducing Salinas-Ospina's base offense level to 32, *see* U.S.S.G. § 2D1.1, the new guidelines yielded a sentencing range of 168 to 210 months.

Despite Amendment 782, Salinas-Ospina is not entitled to a sentence shorter than his current 168 months. His sentence is already at the bottom of the new sentencing range. Under U.S.S.G. § 1B1.10(b)(2)(A), the district court "shall not" sentence him to "less than the minimum of" this new range. An exception applies if the district court had earlier given him a below-guidelines sentence because he provided substantial assistance to the government. *Id.* § 1B1.10(b)(2)(B). But Salinas-Ospina received a below-guidelines sentence because of his age and health, not because he provided substantial assistance to the government. Thus, the district court did not have authority under 18 U.S.C. § 3582(c)(2) to further reduce Salinas-Ospina's sentence. *See United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).

Salinas-Ospina responds that § 1B1.10(b)(2)(A) violates the ex post facto clause, but his contention is unavailing. He argues that because this guideline went into effect three years after his crimes, it unconstitutionally eliminated the discretion courts had enjoyed in § 3582(c)(2) proceedings to reduce sentences below a new guidelines range. But his analysis of the ex post facto clause is wrong. Section 3582(c)(2) proceedings can

only reduce sentences, not increase them. *See United States v. Diggs*, 768 F.3d 643, 645–46 (7th Cir. 2014). The ex post facto clause focuses on "'lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" *Id.* at 645 (quoting *Weaver v. Graham*, 450 U.S. 24, 30 (1981)). As this court has already held, the amendment to § 1B1.10 presents neither a danger of increased punishment nor lack of fair notice. *See Diggs*, 768 F.3d at 645. On the contrary, Amendment 782 and § 3582(c)(2) make drug sentences like Salinas-Ospina's more lenient. And in any case, the ex post facto clause does not create a constitutional right to a reduced punishment for a past crime. *Id.* at 645–46; *Dillon v. United States*, 560 U.S. 817, 828 (2010). Thus no ex post facto violation occurred here.

AFFIRMED.