**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2015[*]
Decided December 22, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 15-2512

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-00256 |
| MARGARITO GARCIA-FRAGOSO, *Defendant-Appellant*. | Lynn Adelman, *Judge.* |

**O R D E R**

Margarito Garcia-Fragoso appeals from the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) for a sentence reduction based on the retroactive application of Amendment 782 to the sentencing guidelines. Because Garcia-Fragoso's sentence was already below the amended guidelines range and the court did not have the discretion to go any lower, we affirm.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Garcia-Fragoso pleaded guilty to possessing with intent to distribute cocaine, 21 U.S.C. § 841(a)(1), and to possessing a firearm in furtherance of a drug-trafficking offense, 18 U.S.C. § 924(c)(1)(A)(i). Garcia-Fragoso was responsible for at least two kilograms of cocaine, so his base offense level for the § 841(a)(1) conviction was 28. His guidelines range was 84 to 105 months' imprisonment (based on a total offense level of 25 and a criminal-history category of IV), but the district court concluded that a below-range sentence was appropriate and sentenced him to 66 months.

Amendment 782 lowered by two levels the base offense level specified in the Drug Quantity Table, *see* U.S.S.G. Supp. App. C , amend. 782 (2014), and reduced Garcia-Fragoso's range to 70 to 87 months. The district court denied Garcia-Fragoso a reduction because, as his 66-month sentence was already below the amended guidelines range, it did not have discretion to grant a reduction.

On appeal Garcia-Fragoso argues that the district court did have discretion to reduce his 66-month sentence because it exceeded the 60-month statutory minimum. *See* § 841(b)(1)(B)(ii). But as the court explained, it was not authorized to reduce Garcia-Fragoso's sentence below the 70-month minimum of the amended guideline range. Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(2); *see United States v. Guyton*, 636 F.3d 316, 318 (7th Cir. 2011), and the policy statements provide that a defendant's sentence may not be reduced to "less than the minimum of the amended guideline range," minus exceptions not applicable here, U.S.S.G. § 1B1.10(b)(2)(A); *see United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009).

AFFIRMED.