> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2016[*]
Decided October 21, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-1879

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11–CR–63 |
| MAURICE DAVIS, *Defendant-Appellant*. | Pamela Pepper, *Judge*. |

**O R D E R**

An amendment to the Sentencing Guidelines in 2014 has produced this successive appeal regarding a term of imprisonment imposed on the defendant/appellant, Maurice Davis. Although the history of this case is somewhat complicated, the effect of the

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

Guidelines amendment is straightforward, and we affirm the decision of the district court to deny reconsideration of the reduced sentence imposed on July 20, 2015.

Maurice Davis pled guilty on October 19, 2011 to a one–count superseding information charging him under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846 with conspiring to distribute at least 28 grams of cocaine base.

On April 17, 2013, at the conclusion of a lengthy sentencing proceeding, the district court determined that the relevant conduct attributable to Davis for the offense of conviction was an amount of crack cocaine greater than 196 grams but less than 280 grams. This translated under the Sentencing Guidelines to a base offense level of 30. The district court then found acceptance of responsibility by Davis and revised its findings for imposing sentence to an offense level of 27. Level 27, when combined with a criminal history category of VI, resulted in a sentencing range of 130 to 162 months.

On that date, April 17, 2013, the district court imposed a below-Guidelines sentence of 120 months' imprisonment. Davis's sentence of 120 months was affirmed by this court on appeal on August 1, 2014. *United States v. Davis*, 761 F.3d 713 (7th Cir. 2014).

Three months later, on November 1, 2014, the United States Sentencing Commission issued Amendment 782, which had the effect of lowering Davis's sentencing range to 110 to 137 months. In light of the amendment, Davis filed an unopposed motion seeking to reduce his sentence under 18 U.S.C. § 3583(c)(2) to the bottom of the range–110 months. On July 20, 2015, the district court granted his motion and reduced his sentence of imprisonment to 110 months.

Thereafter, on August 10, 2015, Davis moved the district court to reconsider its revised sentencing decision and to impose a sentence below the reduced sentencing range. The court denied the motion to reconsider on April 1, 2016, noting that U.S.S.G. § 1B1.10(b)(2)(A) prohibited a further sentence reduction. This decision forms the basis of this appeal.

Before us, Davis now submits several arguments, all of which fail. First, he contends that, because his initial sentence was below the sentencing range then in effect, his subsequent reduced sentence should also have been below the lowered Guideline range.

We review a district court's determination of whether a sentence is eligible for reduction under 18 U.S.C. § 3582(c)(2) *de novo*; and we review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Irons*, 712 F.3d 1185, 1189 (7th Cir. 2013), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

Section 3582(c)(2) permits a sentence reduction if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …." Amendment 782 lowered Davis's offense level two points, which in turn reduced Davis's sentencing range to 110 to 137 months.

The district court committed no error by granting Davis's motion to reduce his initial sentence to the bottom of the new Guideline range. But the district court had no authority to reduce Davis's sentence any further. Unequivocally, the Sentencing Guidelines and our case law prohibit a court from reducing a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).[1] We have consistently recognized that district courts have no authority to dip below the sentencing range when imposing a new sentence under § 3582(c)(2). *United States v. Garcia-Fragoso*, 626 F. App'x 646, 647 (7th Cir. 2015); *United States v. Anderson*, 488 F. App'x 129, 131 (7th Cir. 2012); *United States v. Cunningham*, 554 F.3d 703, 709 (7th Cir. 2009).

Davis next argues that § 1B1.10(b)(2)(A) "alters the formula used to arrive at the applicable reduced guidelines range," thereby violating the *Ex Post Facto* Clause of the Constitution. (Appellant's Br. at 14–15.) We have rejected this argument before. "[T]he central focus of the *ex post facto* clause is 'not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated.'" *United States v. Diggs*, 768 F.3d 643, 645 (7th Cir. 2014) (quoting *Weaver v. Graham*, 450 U.S. 24, 30 (1981)). Section 1B1.10(b)(2)(A), however, doesn't increase punishment at all; instead, it *reduces* punishment. *See United States v. Salinas-Ospina*, 622 F. App'x 577, 578 (7th Cir. 2015) ("Amendment 782 and § 3582(c)(2) make drug sentences … more lenient."). Because "§ 1B1.10 presents neither a danger of increased punishment nor lack of fair notice," we hold that it does not violate the *Ex Post Facto* Clause. *Id*.

Finally, Davis argues that the district court thought that he "was subject to a ten-year mandatory minimum sentence" when he "was actually exposed to a five-year mandatory sentence in this case." (Appellant's Br. at 6.) He further contends that the district court should have imposed a sentence using a one-to-one crack-to-powder ratio. These arguments fail because Davis can use § 3582(c)(2) only to reduce his sentence under Amendment 782, not to relitigate other sentencing issues. The Sentencing Guidelines provide that, when using § 3582(c)(2) to reduce a sentence, courts "shall substitute only the amendments listed in subsection (d) for the corresponding guideline

---

[1] The only exception is when the defendant provides "substantial assistance to authorities," which is inapplicable here. *See* U.S.S.G. § 1B1.10(b)(2)(B).

provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1).[2] In *Dillion v. United States*, the Supreme Court relied on this provision to hold that the district court properly declined to address the defendant's challenge to his criminal-history category under § 3582(c)(2). 560 U.S. 817, 831 (2010). Because the district court here could consider only Amendment 782 when reducing Davis's sentence, we decline to address Davis's additional challenges to his sentence.

For these reasons, we AFFIRM the decision of the district court denying reconsideration of Davis's reduced 110–month sentence.

---

[2] Subsection (d) includes Amendment 782.