> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 12, 2016[*]
Decided December 2, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 16-2948

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-207 |
| JEREMIAH S. BERG, *Defendant-Appellant.* | William C. Griesbach, *Chief Judge.* |

## O R D E R

Jeremiah Berg filed this successive appeal challenging the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). Berg stands convicted of conspiring to distribute marijuana, being a felon in possession of a firearm, and distributing cocaine. The district court sentenced Berg to 240 months'

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

imprisonment, which was below the applicable Sentencing Guidelines range of 262 to 327 months. Berg contends that Amendment 782 to the Guidelines reduced this range.

It didn't: although Amendment 782 reduced the offense levels for most drug-related offenses, the district court did not base Berg's sentence on his drug-related convictions; it instead based the sentence on his felon-in-possession conviction, which carried a higher adjusted offense level than did his other convictions. Because Amendment 782 did not alter the offense level for Berg's firearm offense, the overall sentencing range remains the same as before.

Berg also argues that the district court erred when it relied on his Presentence Investigation Report ("PSR") to dispose of his § 3582(c)(2) motion. Specifically, he claims that the PSR contains inaccurate and unreliable evidence about the quantity of cocaine relevant to his distribution conviction. Unfortunately for Berg, that ship has sailed. "The Sentencing Guidelines provide that, when using § 3582(c)(2) to reduce a sentence, courts 'shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.'" *United States v. Davis*, No. 16-1879, 2016 WL 6143087, at *2 (7th Cir. Oct. 21, 2016) (quoting U.S.S.G. § 1B1.10(b)(1)); *see also Dillon v. United States*, 560 U.S. 817, 831 (2010).[1] Put differently, Berg "can use § 3582(c)(2) only to reduce his sentence under Amendment 782, not to relitigate other sentencing issues." *Davis*, 2016 WL 6143087, at *2. If Berg wanted to challenge the accuracy of his PSR, he should have done so in his first appeal. He cannot do so here.

For these reasons, we AFFIRM the district court's decision.

---

[1] Subsection (d) includes Amendment 782.