NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2019[*]
Decided June 11, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 19-1499

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 10-CR-207 |
| JEREMIAH S. BERG, *Defendant-Appellant*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

This is Jeremiah Berg's second, successive appeal in this court. In 2011, a jury convicted him of various drug and firearms charges. The district court sentenced him to a below-Guidelines sentence of 240 months in prison. We affirmed the conviction and sentence. *United States v. Berg*, 714 F.3d 490 (7th Cir. 2013). In 2014, the district court

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

denied post-conviction relief under 18 U.S.C. § 2255 and we declined to issue a certificate of appealability. Then in 2016, Berg filed his second appeal, arguing that he was eligible for a sentence reduction under a retroactive amendment to the Guidelines (Amendment 782). We determined that he was not eligible for the reduction and affirmed the district court's denial of his motion. *United States v. Berg*, 672 F. App'x 580 (7th Cir. 2016). Not to be deterred, Berg now files a third appeal seeking to reduce his sentence under Amendment 599 to the Guidelines. Because the district court correctly determined that the Amendment does not retroactively apply to Berg, we affirm.

18 U.S.C. § 3582(c)(2) permits us to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Berg's appeal identifies what he believes to have been an error in his 2012 sentence by focusing on particular language in U.S.S.G. § 2K2.4. That language was inserted by Amendment 599 and became effective in 2001. U.S.S.G. Supp. to App. C., Amend. 599 (2000); *see also United States v. Foster*, 902 F.3d 654, 658–60 (7th Cir. 2018). And that's where Berg's case falters: the statute permits us to revise a sentence that is "*subsequently* … lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added); *see also* Sarah E. Welch, Comment, *Reviewing Leniency: Appealability of 18 USC § 3582(c)(2) Sentence Modification Motions*, 85 U. Chi. L. Rev. 1269, 1274–77 (2018). A 2001 amendment to the Guidelines has no effect on a 2012 sentence. While Berg may have had a good argument that he should have received the benefit of the amendment, he should have raised it on direct appeal in 2013. Although *Foster* changed our interpretation of § 2K2.4 last year, we are not the Sentencing Commission, "which has not adopted a retroactive amendment that would have reduced [Berg's] imprisonment range determined at his sentencing hearing in [2012]." *United States v. Bailey*, 777 F.3d 904, 905 (7th Cir. 2015).[1]

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). The statute is "a narrow exception to the rule of finality," *Dillion*, 560 U.S. at 827, and it does not authorize us to correct Berg's sentence. For those reasons, we AFFIRM the district court's order.

---

[1] Berg also asks us to correct his sentence under 18 U.S.C. § 3742(a)(2) as the result of "an incorrect application of the sentencing guidelines," by way of the jurisdictional grant contained in 18 U.S.C. § 3582(c)(1)(B) ("[T]he court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute."). But Berg has not obtained "a successful direct appeal under 18 U.S.C. § 3742(f), (g), or a collateral attack under 28 U.S.C. § 2255" and is therefore ineligible for relief under § 3582(c)(1)(B). *Bailey*, 777 F.3d at 906.